PRICKETT, J., Concurring.
I agree with the opinion of my colleagues. Following the example of Justice Cornell in People v. Soukomlane,[1] I write separately to suggest steps a trial court could consider when faced with the difficult circumstances presented by a withdrawal of a general time waiver by a court filing and not in open court.[2]
First, supervising judges may wish to implement a specific policy requiring the filing of such pleadings directly in the courtroom and not in the clerk’s office. Or, in the alternative, a trial judge accepting a general time waiver may wish to require, as a condition of accepting such waivers, that counsel agree to file such pleadings in the courtroom.
Second, a trial judge may wish to have counsel agree when entering a general time waiver that, in the event they withdraw it by pleading, they have offered suggested trial dates in their waiver.
Third, when counsel is entering a general time waiver, a trial court should inquire of counsel for an acceptable procedure for calendaring a trial date upon revocation of a general time waiver, including discussing whether counsel has authority under Penal Code section 977 to proceed to trial in the absence of the defendant.
Fourth, a trial court upon receipt of such “withdrawal of general time waiver” pleading must expeditiously either (a) set the matter for a trial setting conference to protect both parties’ rights to a speedy trial (Cal. Const., art. I, §§ 15, 29; Pen. Code, § 1382), and so that the People do not suffer the drastic sanction of dismissal (Pen. Code, §§ 1382, 1387); or (b) set the matter for trial without an appearance by the parties and provide written notice of the setting to all parties.
*Supp. 5 Fifth, in response to the vigorous objections voiced by the People at oral argument, the prosecutor’s office should also consider similar internal steps to protect against this situation repeating itself.
Finally, I note that in my reading of the statute, there appears to be no legislative requirement that either the prosecution or the court accept general time waivers. A court should consider the overall legislative objective of general time waivers when deciding whether to set future court proceedings without the setting of a trial date.

 People v. Soukomlane (2008) 162 Cal.App.4th 214, 235-236 [75 Cal.Rptr.3d 496] (conc, opn.).

 This is not intended to be an exclusive or exhaustive list.